IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCIS C. MBEWE, # 360-922        *

       Plaintiff        *      Civil Action No.  AW-12-cv-3138

v.        *

UNKNOWN NAMES, et al.        *

       Defendants        *
       ***

**MEMORANDUM**

In this lengthy complaint filed pursuant to 42 U.S.C. § 1983, Francis C. Mbewe, an inmate at the Maryland Correctional Institution-Hagerstown ("MCI-H") alleges that when he was in custody at the Montgomery County Department of Correction and Rehabilitation, corrections staff refused to send his legal mail and his criminal appeal was untimely filed as a result, and 2) his personal property, including various legal documents were lost by corrections officials there and at MCI-H. [1]  Additionally, he complains: 3) he is banned from the law library at MCI-H; 4) a case manager at MCI-H wrongfully terminated a telephone call while Mbewe was speaking with his attorney; 4) MCI-H officers harass him and told "the former kitchen Clerk" that Mbewe was a "snitch."  ECF No. 1 at 10, ¶ 11; and 5); MCI-H staff failed to protect him from harm when he was assaulted on July 10, 2012, by unknown assailants (ECF No. 1, at 11-12 ¶ 11).   As relief, he requests transfer to the Jessup region, declaratory relief, termination of the "library ban," compensatory damages of $200,000 against each Defendant, and other relief.

---

[1]   The Montgomery County Department of Correction and Rehabilitation facility is operated by Montgomery County, Maryland.  MCI-H is operated by the Maryland Department of Public Safety and Correctional Services.

Plaintiff's litany of claims arose at different times and at different facilities. For this reason, the Court deems it necessary to bifurcate the Complaint. Plaintiff's denial of access to the courts claim for improper mail handling at the Montgomery County facility will be opened as a new case, *Mbewe v. Unknown Named Mail Room Clerks at the Montgomery County Department of Correction and Rehabilitation and Captain David*, Civil Action No. AW-12-3344. Plaintiff will be granted twenty-eight days to supplement his Complaint in the new case by separate Order. Plaintiff's claim that MCI-H officials failed to protect him from harm by other inmates will proceed and Defendants shall be directed to file a response in the instant case. Plaintiff's claims for: 1) loss of property; 2) denial of access to the courts for restricting law library use; and 3) interrupting a telephone call between Plaintiff and his attorney will be dismissed for reasons to follow.

   A. **Preliminary Screening**

Pursuant to 28 U.S.C. § 1915A the court screens cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A (a). The court is obligated to identify cognizable claims or dismiss a complaint, or any portion of a complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Mindful that Plaintiff is a self-represented litigant, the court has construed his complaint liberally. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

   B. **Claims**

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *See*

*West v. Atkins*, 487 U.S. 42 (1988). As a preliminary matter, Plaintiff cannot maintain his action against MCI-H and MCDCR Mail Room since neither is a "person" acting under color of state law and subject to suit under 42 U.S.C. § 1983. *See e.g. See Allison v. California Adult Authority*., 419 F.2d 822, 823 (9th Cir.1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D.Va.1999) (ruling jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), aff'd in part and vacated in part on other grounds, No. 99-6950, 2000 WL 20591 (4th Cir. 2000). Accordingly, MCI-H and the MCDCR Mail Room will be dismissed as defendants.

   1. **Property Loss**

Insofar as Plaintiff raises claims concerning loss of property, he has failed to raise a claim cognizable in a § 1983 action. Deprivations of personal property as alleged here do not offend due process if due process is satisfied by adequate post-deprivation state remedies. *See Parratt v. Taylor*, 451 U.S. 527, 543 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986). Furthermore, failure of officials to take due care is not insufficient to rise to the level of a constitutional violation. *See Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986). Section 1983 vindicates federal rights, not tort claims for which there are adequate state law remedies. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985) (citing *Tucker v. Duncan*, 499 F.2d 963, 965 n. 1 (4th Cir.1974)). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[2]   For these reasons, Plaintiff's loss of property claims shall be dismissed.[3]

---

[2] Relief may be sought by way of the inmate grievance procedure and in the Maryland state courts. This court expresses no opinion as to the merits of such claims.

[3] Insofar as Plaintiff contends that he needed missing papers to file a reply to the State's response to his federal Petition for Writ of Habeas Corpus, he has filed an adequate reply in that case. ECF No. 1, Exhibit B; *see Mbewe v. Webb*, Civil Action No. AW-12-1632 (D. Md).

### 2. Denial of Access to the Courts

#### a. Law Library

Plaintiff's claim that he is "banned" from the law library at MCI-H is directly contradicted by the attachments he has filed in this case. Specifically, the Warden's response to his Administrative Remedy Procedure Request on this issue states Plaintiff may use the library to prepare for court dates. ECF No. 1, Exhibit D.  Plaintiff was found guilty of a rule violation for stealing a portion of a library book, and as a result, has limited library access. ECF No. 1, Exhibit D.  Notably, Plaintiff states he does not dispute his rule violation conviction. *See id*.

Additionally, Plaintiff fails to state a federal claim. The constitutional right of access to the courts includes the derivative right of meaningful assistance by "providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right is not absolute, and reasonable restrictions may be placed on law library use to insure the orderly operation of the institution as long as those limits do not interfere with inmates' access to the courts.  *See, e.g. Strickler v. Waters,* 989 F.2d 1375, 1387 (4th Cir. 1993); *Magee v. Waters*, 810 F.2d 451, 453 (4th Cir. 1987);   A prisoner must suffer an actual injury to have standing to state a claim.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996), Hause v. Vaught, 993 F. 2d 1079, 1084-85 (4th Cir. 1993). Plaintiff does not allege the law library restrictions caused actual harm; for example, he does not assert he was prevented from meeting deadlines or otherwise prejudiced in any pending litigation. Accordingly, this claim will be dismissed.  Defendant Ms. Stevens, MCI-H Law Librarian will be dismissed as a party to this action

### b. Phone Call

Mbewe complains on that September 21, 2010, he was on the telephone with his attorney and his case manager, Mr. Wach, terminated the call. He asserts this action denied his right of access to the courts. *See Bounds*, 430 U.S. at 817.  Plaintiff states he was trying to explain to his attorney about his lost documents.  Plaintiff does not claim to have suffered prejudice as a result of the action, although he indicates generally that counsel was preparing for a court hearing. ECF No. 1 at 9, 15 ¶ 29.

A prisoner "has no right to unlimited telephone use." *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (quoting *Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir.1989)). Telephone access is "subject to rational limitations in the face of legitimate security interests of the penal institution." *Id*. (quoting *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir.1986.   In addition, actual injury is not shown by every frustrated legal claim. *Lewis*, 518 U.S. at 354. Prisoners are not guaranteed the ability to litigate every imaginable claim they can perceive, but they are entitled to access to the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 354. Absent specific allegation of harm, Plaintiff has failed to state a claim of constitutional magnitude and this claim will be dismissed. Mr. Wach will be dismissed as a defendant in the case.

### 3. Failure to Protect

Plaintiff's claim that prison officials called him a snitch and failed to protect him from harm from his fellow inmates will proceed for a response.  A separate Order follows.

November 27, 2012                                                      _____/s/_____
                                                                                Alexander Williams, Jr.
                                                                                United States District Judge